Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Southern District of Georgia

Augusta Division

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2020 SEP 29 A 9:21
CLERK _____
SO. D___. ___A.

CV120- 136

| | |
|---|---|
| Barbara Dawn Underwood<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br><br>Apple Computers, Inc., Apple Store Augusta, Joseph Eric Larsen, Eric Williams, Sean Keenan, Tianna Gouviea, Stephen Duane Brown, See Attached<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  x  Yes   ___ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Barbara Dawn Underwood |
   | Street Address | 4513 Park Lake Dr. |
   | City and County | Kiawah Island, Charleston county |
   | State and Zip Code | SC, 29455 |
   | Telephone Number | 902-907-9924 |
   | E-mail Address | bdunderwood@protonmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Apple Computers, Inc |
| Job or Title *(if known)* | Apple Store Augusta |
| Street Address | 3450 Wrightsboro Rd. |
| City and County | Augusta, Richmond county |
| State and Zip Code | GA, 30909 |
| Telephone Number | (706) 731-1800 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Joseph 'Eric' Larsen |
| Job or Title *(if known)* | Store Leader, Apple Store Augusta |
| Street Address | 2008 Fleming Woods Rd |
| City and County | Charleston, Charleston county |
| State and Zip Code | SC 29412-2569 |
| Telephone Number | (631) 338-0547 |
| E-mail Address *(if known)* | jlarsen@apple.com |

Defendant No. 3

| | |
|---|---|
| Name | Eric Williams |
| Job or Title *(if known)* | Human Resources for Apple |
| Street Address | 1937 Buford Ct |
| City and County | Conyers, Rockdale county |
| State and Zip Code | GA 30094-1119 |
| Telephone Number | (678) 234-5653 |
| E-mail Address *(if known)* | |

      Defendant No. 4

| | |
|---|---|
| Name | Sean Keenan |
| Job or Title *(if known)* | Employee Relations for Apple |
| Street Address | 11102 Endeavor Dr. |
| City and County | Parker, Douglas county |
| State and Zip Code | CO 80134-3829 |
| Telephone Number | (720) 361-2369 |
| E-mail Address *(if known)* | skeenan@apple.com |

**C.**    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Apple Store Augusta, Apple Computers, Inc. |
| Street Address | 3450 Wrightsboro Rd. |
| City and County | Augusta, Richmond county |
| State and Zip Code | GA, 30909 |
| Telephone Number | 706 - 731-1800 |

**II.**    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

    X    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

    *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

    X    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

    *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

    X    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

>           *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

>           Other federal law *(specify the federal law)*:

> X         Relevant state law *(specify, if known)*:

>           Intentional Infliction of Emotional Distress

>           Relevant city or county law *(specify, if known)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

>    A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

>                     Failure to hire me.
>          X          Termination of my employment.
>                     Failure to promote me.
>          X          Failure to accommodate my disability.
>                     Unequal terms and conditions of my employment.
>          X          Retaliation.
>          X          Other acts *(specify)*:   Failure to protect employee under Title VII of the Civil Rights Act

>           *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

>    B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

>           Multiple counts from 2011 (reported and no response) through 2019

>    C.   I believe that defendant(s) *(check one)*:

              is/are still committing these acts against me.

      X     is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

          race

          color

     X    gender/sex

          religion

          national origin

     X    age *(year of birth)*    1967    *(only when asserting a claim of age discrimination.)*

          disability or perceived disability *(specify disability)*

          trauma, stress

E.    The facts of my case are as follows. Attach additional pages if needed.

See attached file "Statement of Claim"

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

June 26, spoke with Omayra Paidooa

B.    The Equal Employment Opportunity Commission *(check one)*:

          has not issued a Notice of Right to Sue letter.

     X    issued a Notice of Right to Sue letter, which I received on *(date)*    06/29/2020  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

            60 days or more have elapsed.

   X    less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Therapy (out of pocket expenses) - $1800
Psychologist (out of pocket expenses) - $ 200+ ongoing
Medications for depression and nightmares (out of pocket expenses) - $ 500+ ongoing
Cobra Health insurance for myself and children (out of pocket expenses )- $ 10,800+ ongoing
Loss of Apple's re-reimbursement for school tuition - $10,000 (2 semesters $5,000 each)
Loss of Apple wages approximately - $ 18,000 (part-time while in school)
Loss of Apple stock benefits - $ 2,000 + ongoing
Loss of home (sold, due loss of wages) - $132,000
Actual Damages Sub-total - $ 175,300
Punitive Damages Intentional Emotional distress - $ 1,577,700 (sub-total x 9 for each year I was harassed, assault and abused)
Total - $ 1,753,000+ due to the ongoing expenses

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

    A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    06/25/2020

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Signature of Plaintiff  *[signature]*

Printed Name of Plaintiff   Barbara Dawn Underwood

**B.**   **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## Additional Defendants

Defendant No. 5 Name - Tianna Monet Gouveia

Job or Title (if known) - Senior Manager

Street Address - 3896 Tanbark Ct Ne

City and County - Marietta, Cobb county

State and Zip Code - GA 30066-2975

Telephone Number - 706-284-5024

E-mail Address (if known) - tianna.gouveia@yahoo.com


Defendant No. 6 Name - Stephen Duane Brown

Job or Title (if known) - formerly genius, now manager

Street Address - 344 Creekside Dr # 81

City and County - Grovetown, Columbia county

State and Zip Code - GA, 30813

Telephone Number - (706) 284-3823

E-mail Address (if known) - themonkeyflungpoo@me.com

Alternate address: 2417 Brentwood Pl, Augusta, GA 30904

## Statement of Claim

I. Apple Computers, Inc. hired me on December 6, 2010, as a Sales Associate, and my most recent position was as a Creative. I successfully performed the duties of the job, receiving outstanding yearly reviews. Between 2011-2018 I reported my co-worker, Stephen Duane Brown, of multiple counts of sexual harassment and sexual assault, verbal, emotional, and physical abuse, and even age harassment. I reported the incidents on two separate occasions, but the behavior continued intermittently and, at times, grew worse.

Tianna Gouveia, my senior manager, received the latter report on September 10, 2018, but failed to inform me how I should report it directly to Apple Human Resources. I did not learn how to report my offender correctly (or directly to Apple Human Resources) until the following February. Ms. Gouveia told me that Eric Willams, Apple Human Resources, would contact me to make a statement. By this, I assumed Ms. Gouveia had conveyed my complaints directly to Apple Human Resources. However, to this day, I cannot confirm that Eric Wiliams is an employee of Apple Computers Inc., and when I asked him to put something in writing, I never heard from him again.

 During the initial conversations with Eric Williams, I requested to work from home through AppleCare, which I was fully qualified to do. Eric William's response was, "We don't do that."
Apple has since offered most of the retail staff at Apple Store Augusta the opportunity to work from home through AppleCare during the Covid19 pandemic. Apple Computers Inc. and Eric Williams denied this opportunity and accommodation to me. Thereby violating the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

Initially, Eric Wiliams asked me if I wanted to take a leave of absence, and due to my re-traumatization, I agreed. Through Eric Williams, Apple Human Resources told me that I would not have to work with my offender, Stephen Duane Brown, during an investigation.
Later, I was told by Eric Williams that Apple would not investigate my reports until I returned to work. I did not understand why they could not investigate my complaints about my offender, Stephen Duane Brown, while I was on leave.
When I attempted to return to work about a month later, Eric Williams said that I would need a physician's approval to return to work, and provided the proper documentation for A.D.A. accommodations, if I did not want to work with my offender.
The approval and paperwork took some time to comply, but I gave them A.D.A. accommodations from my psychiatrist and therapist. During this time, I lost my home due to not being able to return to work and loss of income.
Upon obtaining the proper approval and paperwork, Eric Wiliams (and later Sean Keenan of Employee Relations at Apple) informed me that Apple Human Resources would not accept my A.D.A. accommodations. I believe Apple Computers Inc., Eric Williams, and Sean Keenan violated the Right to a Reasonable Accommodation Under the Americans with Disabilities Act.

Additionally, during the initial report to Eric Williams, I requested to work from home through AppleCare, which I was fully qualified to do. Eric William's response was, "We don't do that."
Apple has since offered most of the retail staff at Apple Store Augusta the opportunity to work from home through AppleCare during the Covid19 pandemic. Apple Computers Inc. and Eric Williams denied this opportunity and accommodation to me. Once again, violating the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.


During this time, Joseph Eric Larsen, Apple Store Leader, refused to speak with me about any of the reports of sexual harassment and assault, as well as the verbal, emotional, and physical abuse. Joseph Eric Larsen also refused to listen to me about the A.D.A. accommodations and not being on the same schedule with my offender, Stephen Duane Brown.

Mr. Larsen directed me to speak with Eric Williams (Apple H.R.).
However, I continued to ask whether he had investigated Stephen Duane Brown because I had given my senior manager, Tianna Gouveia, the reports of multiple complaints of abuse, harassment, and assault. I also gave her and a list of witnesses. I even voluntarily took a polygraph test with a polygraph expert who works closely with law enforcement. Yet, Joseph Eric Larsen kept directing me to speak with Eric Williams.
When I was able to contact Eric Williams, he would not tell me any information about the investigation, other than they found no evidence to substantiate my claims. I believe that to be improbable given the number of witnesses, I gave them and reminded him of the polygraph report. Of the polygraph testing, Mr. Williams said, "I don't want to see that." Through Mr. Williams, Apple directly rejected the evidence of sexual assault administered by a polygraph professional.
I believe Apple Computers Inc., Eric Wiliams, and Joseph Eric Larsen were trying to force me to continue to work with my offender, Stephen Duane Brown, under duress.

My emotional distress was so severe that my newfound psychiatrist prescribed me two anti-depressants and another medication for nightmares. I attended therapy twice a week, and I had to pay for it at my own expense (credit).
Subsequently, the last time I spoke with Eric Williams, I asked if we could communicate via email because I was emotionally re-traumatizing myself when I would talk with him over the phone. I was also having a serious problem with my blood pressure, which my general practice doctor later diagnosed as 'work-induced.' Eric Williams then agreed to communicate via email. He said it would be "no problem." However, he never communicated with me again.

After not being able to contact Eric Williams, I researched Apple's web site on human resources thoroughly and learned how to correctly (or directly) report my offender's behavior. The date was February 25, 2019. and yet it took more than a month to receive any reply. Eventually, Sean Keenan, of Apple Employee Relations, contacted me. Two hundred thirty days after my initial report to my senior manager, Tianna Gouveia, and well past the deadline to report my claims to the E.E.O.C.

On April 20, 2019, I received my first communication email from Sean Williams of Apple Employee Relations. Due to my emotional distress, I asked Sean Keenan to speak directly with Eric Williams about my complaints so that I would not relive the abuse, harassment, and assault. To prevent further re-traumatization, I told Sean Keenan that Eric Wiliams had already agreed to communicate via email and requested that form of communication continue. Mr. Keenan refused and repeatedly sent emails requesting urgent need of communication, but not a single question about the investigation or anything involving the case.

On June 4, 2019, I emailed Mr. Keenan from Alabama. I was there because my father's health was severely declining, and we knew he would not be with us for much longer. The first two lines of this email were:
"I believe I did respond and have not received any questions or communication from you other than an urgent need for a response.

As I stated I do prefer email communication but I must say even receiving emails from Apple are giving me a anxiety, nightmares and consistently trigger me emotionally."


Though I asked Mr. Keenan to submit any further questions in writing via email, he had blatantly refused.

On June 18, 2019, Mr. Keenan emailed me that Eric William had found no evidence to substantiate my claims. Mr. Keenan simultaneously admitted that they had only investigated a few of the claims, but not all of them. This is nine months after I initially reported my offender, Stephen Duane Brown. Mr. Keenan also told me that I was cleared to come back to work (without any A.D.A. accommodations) and gave

me a deadline, stating:

"If you do not contact your Store Leader as instructed by June 24, 2019, your failure to do so may be considered an Unauthorized Leave which could result in termination of employment. "

I did not see this email or have a chance to respond for a few days because my father passed away the following day, June 19, 2019.

I was able to respond by June 24, 2019, and told Mr. Keenan of my father's passing. I pleaded with him to speak with Eric Williams again in the email:

"You should discuss the reason why I asked to communicate by email with Eric Larson. (*Williams, not Larsen)
Eric told me it would be no problem and I would not have to work with Duane Brown during interrogations.

By your own admission, you have not even started investigating. It has been more than 9 months since I reported him, and in that time I have lost everything (including my home).

Eight years ago, nothing happened to him when I told Apple it started and the retaliation and abuse grew worse. I can't even imagine what he will do now."
I was emotional over my father's death and incredibly fearful of returning to work with my offender. I did not understand why Apple would refuse my A.D.A. accommodations like they said they would initially. Even if they forced me to work at the same store with my offender, a simple scheduling change would allow me to work around his schedule, since I was only part-time.
The retaliatory actions and behavior of Sean Keenan, Eric Williams, and Joseph Eric Larsen (all employees of Apple) directly contradict Apple's harassment policy, Title VII of the Civil Rights Act of 1964 as amended, and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117, and were an Intentional Infliction of Emotional Distress.

Tolerating my offender's conduct created an intimidating, hostile, and offensive working environment. Consequentially, causing intentional infliction of emotional distress. I believe my employer, Apple Computers, Inc. failed to protect me under Title VII of the Civil Rights Act of 1964 and, therefore, violated sex discrimination laws in the workplace.
At this point, I tried to retain a lawyer, but most said too much time had passed.

On July 16, 2019, I received a FedEx letter from Joseph Eric Larsen, admitting that Sean Keenan had not even started investigation the additional harassment claims and giving me a deadline to respond to him (Mr. Larsen) by July 12, 2019. Four days before I received the letter.

Subsequently, I received a termination letter from Joseph Eric Larsen on September 4, 2019, based on job abandonment. The letter stated that I needed to respond by September 3, 2019, (the previous day), making it impossible to resume my employment.
My offender, Stephen Duane Brown, was then promoted to management.


I believe Mr. Joseph Eric Larsen's actions were personal and retaliatory. Through Joseph Eric Larsen, Apple Computers Inc. wrongfully terminated my employment, violating Title VII of the Civil Rights Act of 1964 forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a)

The wrongful termination was reported to Apple Human Resources, but I was verbally told that they would not renew the case unless I have new information.

II. Additionally, I believe I have been discriminated against because of my age (53), in violation of the Age Discrimination in Employment Act of 1967, as amended. Tianna Gouveia, my senior manager, witnessed age discrimination and harassment by Stephen Duane Brown and asked him to stop. However, she did not reprimand or report the incident, which violates Apple's Harassment Policy. Ms. Gouveia's tolerance not only allowed the harassment to continue but condones the behavior as well.
Again, violating Title VII of the Civil Rights Act of 1964 as amended, and allowing for Intentional Infliction of Emotional Distress.

III. Finally, in 2014, Apple Computers, Inc. Corporate forced me to work with a customer who had previously touched and hugged me inappropriately. I informed my manager, Robert Gastiaburo, of the business customer's behavior and actions. I also pleaded with him not to have to work with the business customer as I feared he would repeat the sexual misconduct. Mr. Gastiaburo listened and attempted to find a resolution by speaking with Apple Corporate. Later, he communicated Apple's response, informing me that I would have to continue working with the business customer. Unfortunately, the business customer did repeat his misconduct, which resulted in severe emotional distress.
Violating Title VII of the Civil Rights Act of 1964 as amended, and was another example of Intentional Infliction of Emotional Distress.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>410-2020-06479 |
|---|---|---|

_____ null _____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>MS. BARBARA D UNDERWOOD | Home Phone<br>(731) 780-5974 | Year of Birth<br>1967 |
|---|---|---|

Street Address: 4513 PARK LAKE DR., KIAWAH ISLAND, SC 29455

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>APPLE COMPUTERS INC. - AUGUSTA, GA RETAIL STORE | No. Employees, Members<br>Under 15 | Phone No.<br>(706) 731-1800 |
|---|---|---|

Street Address: 3450 WRIGHTSBORO RD., AUGUSTA, GA 30909

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2011    Latest: 09-03-2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.      I was hired on December 6, 2010 as a Sales Associate and my last position held was Creative. I was successfully performing the duties of the job. Between 2011-2018 I reported multiple counts of sexual harassment, verbal/emotional, physical abuse, and age harassment. Duane Brown, Genius (now promoted to manager), subjected me to multiple counts of sexual harassment. I reported the incidents to Manager on two separate occasions, but the actions continued. In 2014, Apple Corporate, forced me to work with a customer who had previously touched and hugged me inappropriately. I was also forced to continue to work with Duane Brown who often bullied and sexually harassed me. On September 3, 2019, I was wrongfully terminated.

II.     My employer told me I would not have to work with my offender if I provided documentation, which I did. My employer did not accept my request and I was terminated for job abandonment.

III.    I believe I have been discriminated against because of my sex, female, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. Additionally, I believe I have been

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*[signature]*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>06/29/2020 |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Barbara D. Underwood
4513 Park Lake Dr.
Kiawah Island, SC 29455

From: Savannah Local Office
7391 Hodgson Memorial Drive
Suite 200
Savannah, GA 31406

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

**EEOC Charge No:** 410-2020-06479
**EEOC Representative:** Chantel Tucker, Investigator
**Telephone No:** (912) 920-4266

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[X] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Omayra Padilla,
Director

6/29/20
(Date Mailed)

Enclosures(s)

cc: Sean Keenan
Human Resources
APPLE COMPUTERS INC. - AUGUSTA, GA RETAIL STORE
3450 Wrightsboro Rd.
Augusta, GA 30909

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below )*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice  Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost  If you intend to consult an attorney, you should do so promptly  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney  Filing this Notice is not enough  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above  Therefore, if you also plan to sue under Title VII, the ADA  GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U S  District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer  Requests for such assistance must be made to the U.S  District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice)  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**  (Before filing suit, any request should be made within the next 90 days )

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## U.S. DISTRICT COURT PLEADING SUBMISSION FORM

1) CASE NUMBER: _____

2) TITLE OF THE CASE: _Employment Discrimination_

3) PLEADING BEING SUBMITTED:

_____

4) YOUR NAME AND ADDRESS: _Barbara D Underwood_
_4513 Park Lake Dr_
_Kaiwan Island, SC ~~sos~~ 29455_

5) PHONE NUMBER: _901-907-9924_

6) DATE: _9/27/2020_

***PLEASE ATTACH THIS FORM TO YOUR PLEADING AND PLACE IT IN THE DROP BOX***

1:20cv136